O’GrOKKAN, J.
At the close of the trial of this case the relator applied to the trial judge for judgment in its favor.
This motion was founded on the alternative writ of mandamus theretofore granted, on the return and supplemental return thereto and on the findings of fact.
The trial judge denied the application of the relator and closed his opinion thus:
“ Upon the whole case the conclusión is inevitable that the right of the relator to the relief demanded is so doubtful that the application for a writ should be denied. The defendants are therefore entitled to a final order or judgment denying the application and dismissing the alternative writ, with costs.”
After a careful examination of the findings, together with the briefs of the respective counsel on this appeal and of the authorities cited by them, I am convinced that the conclusion arrived at by the learned trial judge is in all respects correct.
It is the indisputable rule of law that a peremptory writ of *586 mandamus should never be granted unless in a case where its purpose is to give effect to a clear legal right. People ex rel. Mygatt v. Supervisors, etc., 11 N. Y., 563; People ex rel. Perkins v. Hawkins, 46 id., 9; People ex rel. Martin v. Brown, 55 id., 191.
In the case at bar the right which the relator seeks to enforce is not only not free from doubt, but the weight of reason and authority is against it.
The project which the relator in this case seeks to promote by the aid of a writ of mandamus is one which threatens the city of Rew York with serious disturbance and widespread inconvenience, with results of doubtful advantage.
The occasion demands on the part of the court great circumspection and caution, and thus the dictates of a wise forbearance unite with the principles of law in opposition to the relator’s demand.
Ro reason is apparent why the rights of the relator should not be ascertained and asserted by regular action at law and no urgent necessity is shown for a resort to the sudden and peremptory interposition by mandamus.
The order and adjudication of the trial judge are in all things affirmed for the reasons set forth in his written opinion, the relator to pay the respondent’s costs of this appeal
Sedgwick, Gh. J., concurs.